UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON BERRY,

                              Plaintiff,

     - v -                                             9:19-CV-1570
                                                                  (DJS)

DART, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

FERRARA FIORENZA PC            DARIA GERASIMOVA, ESQ.
Attorney for Plaintiff
520 Columbia Drive
Suite 204
Johnson City, New York 13790

HON. LETITIA JAMES              MATTHEW GALLAGHER, ESQ.
Attorney General for the State of New York   LAUREN EVERSLEY, ESQ.
Attorney for Defendants              Assistant Attorneys General
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      This matter is scheduled for trial beginning February 13, 2023. Defendants filed a Motion in Limine, which Plaintiff opposes. Dkt. Nos. 63 & 65. Plaintiff also filed a Motion in Limine. Dkt. No. 53. The Court addresses the issues raised by those Motions

1

in turn below.

### A. Plaintiff's Criminal Record

Defendants seek an order permitting them to question Plaintiff as to the name, nature and date of his crime of incarceration along with the corresponding sentences imposed. Dkt. No. 63 at pp. 2-4. Plaintiff seeks to preclude such evidence. Dkt. Nos 53 & 65 at pp. 1-2. These Motions are granted in part.

Federal Rule of Evidence 609 controls the impeachment of a witness by evidence of a criminal conviction. The general rule in a case such as this is that evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403[.]" FED. R. EVID. 609(a)(1)(A). "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Espinosa v. McCabe*, 2014 WL 988832, at *2 (N.D.N.Y. Mar. 12, 2014) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).

Plaintiff's 2015 felony conviction was for drug possession. Dkt. No. 63 at Ex. A. That crime bears little similarity to events underlying this Eighth Amendment case. While the credibility of the party's testimony will play a crucial part in the trial, by the very nature of Plaintiff's claim, the events having taken place at Auburn Correctional

Facility, the jury will become aware that Plaintiff is a convicted felon. Given that, the exact facts underlying the felony conviction or the specific charge are not overly probative of Plaintiff's credibility or the events at issue. As a result, the jury will be advised that Plaintiff does have a felony conviction and that, as a result, he was incarcerated at a New York State Correctional Facility, but further inquiry as to his criminal record will be precluded.

### B. Testimony Related to an Alleged Conspiracy

Defendants next seek to preclude testimony from Plaintiff regarding an alleged conspiracy among Defendants. Dkt. No. 63 at pp. 4-7. The Court's initial Order reviewing the Complaint under 28 U.S.C. §§ 1915(e) and 1915A dismissed any conspiracy claim. Dkt. No. 9 at p. 18. Given that there is no conspiracy cause of action for the jury's consideration, the Court finds that testimony regarding the existence of a conspiracy lacks relevance and, therefore, grants Defendants' Motion to preclude such evidence.

### C. Plaintiff's Injuries

Finally, Defendants seek an order precluding Plaintiff from testifying about certain alleged injuries, given the lack of expert testimony to establish causation. Dkt. No. 63 at pp. 7-10.

In an excessive force claim, expert testimony to establish causation of injuries is not always required. *Fernandez v. City of New York*, 2020 WL 3448019, at *2 (S.D.N.Y. June

3

24, 2020); *Lewis v. City of Albany Police Dep't*, 547 F. Supp. 2d 191, 207 (N.D.N.Y. 2008), *aff'd*, 332 F. App'x 641 (2d Cir. 2009). Instead, in assessing the necessity of an expert, courts consider whether the alleged injuries "are within the understanding of the common juror." *Williams v. Raimo*, 2012 WL 4911722, at *2 (N.D.N.Y. Oct. 15, 2012) (citing cases). If so, expert testimony is not necessary. *Id.*

Here, with respect to Plaintiff's claims of pain and swelling in the genitals, the Court finds that such injuries stemming from the force alleged by Plaintiff are within the common understanding of a juror and Plaintiff need not offer expert proof with respect to causation for these injuries. To the extent, however, that Plaintiff seeks to also testify about sexual dysfunction and ongoing incontinence issues, the Court finds that causation questions related to those issues would not be within that common understanding. This Court agrees with the other courts that have concluded that "expert testimony is necessary to establish causation for an injury such as plaintiff's alleged erectile dysfunction." *DeFronzo v. Conopco, Inc.*, 2005 WL 8177613, at *6 (N.D. Ill. June 30, 2005); *see also Brown v. Johnson & Johnson Pharm.*, 2015 WL 235135, at *4 (D. Conn. Jan. 16, 2015). Not only has Plaintiff not proffered an expert on this question, but his witness list does not identify any medical professional he intends to call to testify about these injuries. *See Dalrymple v. United States Postal Serv.*, 2021 WL 926721, at *7 (E.D. La. Mar. 11, 2021) (noting difficulties establishing causation absent such testimony).

Plaintiff, therefore, may testify about alleged pain and swelling, but not about his

4

claims related to alleged sexual disfunction and incontinence. With respect to the admission of the December 2, 2016 radiology report, the Court finds that while it may be relevant to Plaintiff's claims, its admissibility at trial will depend on whether a proper foundation can be laid for the document and whether Plaintiff can offer admissible testimony about the report itself.[1] The Court, therefore, reserves decision on that question until trial when the parties can make appropriate arguments.

    **ACCORDINGLY**, it is hereby

    **ORDERED**, that the pending Motions in Limine are **Granted in Part** and **Denied in Part** as set forth above; and it is further

    **ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: February 7, 2023
       Albany, New York

                                    Daniel J. Stewart
                                    U.S. Magistrate Judge

---

[1] It is unclear at this point, for example, whether a medical professional discussed this report with Plaintiff such that he could testify about what he was told.